IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Judge Tharp |
| | ) | Case No.  18 CR 50034 |
| JUSTIN HILL | ) | |
| | ) | |

**DEFENDANT, JUSTIN HILL SENTENCING MEMORANDUM
AND REQUEST FOR DOWNWARD VARIANCE**

NOW COMES the defendant, JUSTIN HILL, by his attorney, GLENN J. JAZWIEC, and

submits to this Court his Sentencing Memorandum and Request For a Downward Variance.  This

memorandum is submitted in order to provide information to assist the Court in fashioning a

sentence "sufficient but not greater than necessary" to achieve the statutory purposes of

punishment, as required by 18 U.S.C. §3553(a) in light of *United States v. Booker*, 125 S.Ct. 738

(2005). states as follows:

**Factual Background**

Mr. Hill was arrested on July 11, 2018, and presented to Magistrate Johnston in

which an order of temporary detention was issued.  That on July 17, 2018 an Indictment

was filed charging Mr. Hill with Conspiracy to Distribute Heroin and Cocaine in

violation of 21 U.S.C. §841(a)(1) all in violation of 21 U.S.C. §846.   Mr. Hill has been in

continuous custody since July 11, 2018.   On September 3, 2019 Mr. Hill entered a guilty

plea before this Court to the charge of Conspiracy to Distribute Heroin and Cocaine in

1

violation of 21 U.S.C. §841(a)(1) all in violation of 21 U.S.C. §846. That Mr. Hill was charged in Count 1 of the Indictment with knowingly and intentionally distributing a controlled substance namely mixtures and substances containing a detectable amount of heroin, a Schedule 1 Narcotic Controlled Substance and mixtures and substances containing a detectable amount of cocaine, a Schedule 1 Narcotic Controlled Substance all in violation of 21 U.S.C. §841(a)(1) all in violation of 21 U.S.C. §846.

### Sentencing Guidelines

Mr. Hill offers no objection to the manner in which Probation calculated the sentencing guidelines. He is in agreement that his total criminal history points are 11 and that the total offense level is 29 and the criminal history category is IV. This results in an advisory sentencing guideline range of 155 to 188 months which is the same as anticipated in the plea agreement.

### I. Introduction: Request for Downward Variance

Mr. Hill, respectfully submits this memorandum in order to provide information to assist the Court in fashioning a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. §3553(a) in light of *United States v. Booker*, 125 S. Ct. 738 (2005). Booker restored district courts' ability to fashion a sentence tailored to the individual circumstances of the case and defendant by requiring courts to consider factors other than the sentence range prescribed by the United States Sentencing Guidelines. Defendant Mr. Hill respectfully requests that the Court consider several important circumstances of his case in fashioning the most appropriate sentence and asks this court to impose a sentence

significantly below the advisory guidelines.

## II. Post-Booker Sentencing Considerations

This Court is aware of the broad ramification of the _Booker_ decision on this proceeding. The sentencing guideline range is no longer binding on the Court, but is only one factor to be considered in determining the sentence. _Booker, 125 S. Ct. at 764-65._ The 18 U.S.C. 3553(a) parsimony provision provides that court shall impose a sentence sufficient, but not greater than necessary, to carry out the proper purposes of sentencing. The purposes of sentencing include the need to reflect the seriousness of the offense, to promote respect for the law, provide just punishment, to create adequate deterrence, to protect the public from future crimes of the defendant and to provide the defendant with necessary treatment and training. 18 U.S.C. 3553(a)(2), Booker 543 U.S. at 260. Other relevant section 3553(a) factors include the nature and circumstances of the offense and the history and characteristics of the Defendant and the kinds of sentence available.

In _Gall v. United States_, 128 S. Ct. 586 (2007) the Supreme Court gave this Honorable Court direction and authority to consider mitigating factors that were discouraged or prohibited previously under the Guidelines. The court should consider the arguments of the parties as to the proper sentence in the particular case weighing the applicability of the §3553(a) factors. _Gall_, 128 S. Ct. 586. The court should take a case by case approach, considering every convicted person as an individual and every case as a unique study in human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. _Id._ at 598. The court must then delineate its reasons for the record. _Id._ The court's reasons for deviation from the guideline range should be rooted either in the nature and

circumstances of the offense or the characteristics of the offender, and should be sufficient but not greater than necessary to comply with the general aims of §3553(a). This decision allows the sentencing court to apply the facts of the case with the circumstances of the Defendant's life and fashion a sentence that comports more with justice than with arithmetic calculations.

### III. The Sentencing Factors as Applied to Defendant

### A. The Nature and Circumstances of the Offense

That beginning in or about May 2018 and continuing through on or about July 11, 2018 Mr. Hill did conspire with Co-Defendants, Tyjuan Anderson and Lumont Johnson to knowingly and intentionally distribute heroin and cocaine. That within the plea agreement Mr. Hill admitted that the amount of the controlled substances that were distributed within the scope of the conspiracy and in furtherance of the conspiracy by Mr. Hill or other members of the conspiracy that were reasonably foreseeable to Mr. Hill was at least five ounces (140 grams) of heroin, at least one ounce (28 grams) of powder cocaine and at least one ounce (28 grams) of cocaine base in the form of crack cocaine.

### B. Defendant's History and Characteristics.

Mr. Hill comes before this court to be sentenced on a non violent offense. He has acknowledged his guilt and has accepted responsibility for his criminal actions.

Mr. Hill is 39 years old. He was one of two children born to his parents John Lloyd and Bobbie Hill. He has a brother through this relationship and his brother is aware of his arrest and remains supportive of him That Mr. Hill has a good relationship with both his mother and father and speaks with them on a frequent basis and they also remain supportive of him. That Mr.

4

Hill's parents were together until he was about four years old. He lived primarily with his mother until he turned 15 years old as he was not getting along with his mother. Mr. Hill also has a paternal half sister, Aquala Lloyd who works at State Farm Insurance and they have a good relationship and she is aware of his current situation and remains supportive. That Mr. Hill's other paternal half sister, LaTonia Partee-Harris was killed by her boyfriend on May 30, 2017 as a result of a domestic violence incident.

Mr. Hill has no children. He is in a relationship with Jessica Dye and has been with her since March, 2018. Mr. Hill describes his relationship with Ms. Dye as amazing as they get each other. Ms. Dye has two daughters (ages 13 and 7) and that Mr. Hill has a good relationship with her daughters and that Ms. Dye and her daughters visit him at the jail and he speaks with them daily. Ms. Dye is aware of his situation and remains supportive of him. Ms Dye has expressed that she also has an amazing relationship with Mr. Hill and that he has always treated her and her daughters well.

Mr. Hill has experienced some medical difficulties and is currently being treated for glaucoma and was tested for Tuberculosis in July of 2019 with negative results. Mr. Hill also suffers from migraine headaches.

Mr. Hill had an early history with alcohol and illicit drugs starting when he was 13 when he began to use alcohol and marijuana. That from the age of 13 years old Mr. Hill smoked marijuana on a daily basis until 1999 when he was incarcerated. He has not used marijuana since 1999. Mr. Hill does not believe that he has any addiction issues at this time.

Mr. Hill went to Auburn High School form August, 1995 to March, 1998 and held a .150 grade point average. Mr. Hill did obtain his GED in 2009. Mr Hill has also completed 54 credit

hours at Lake Land College and has a 3.315 grade point average. Mr. Hill's last verified employment was with Loft 24 Boutique & Beauty Sales from January, 2018 to July of 2018. Mr. Hill would love to be able to participate in vocational training that is offered in the Bureau of Prisons.

Mr. Hill hopes to be reunited with his girlfriend and her children upon his release and would like to move out of the Rockford, Illinois area.

**C. (1) The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense.**

Mr. Hill recognizes that his offense is serious and that he should be punished for the crime committed. However, it is respectfully suggested that a sentence significantly less than the minimum in the applicable sentencing range will reflect the seriousness of the offense, will promote respect for the law, and will adequately punish him, particularly in light of other factors personal to him that must be considered by this Court.

The community must know that distribution of a controlled substance is a serious offense, Mr. Hill understands this and agrees with this. Respect for the law and punishment for violating the law does not require harsh results in all circumstances. Rather, respect for the law and proper punishment for violating the law is achieved by fairly considering all of the factors that are relevant to an individual and the offense that he committed.

Mr. Hill has been shamed in the eyes of his family and his girlfriend and her children. . Mr. Hill is not suggesting that his conduct is not responsible for this circumstance and all of the negative ramifications that are possible. Rather, he is simply indicating that he and his children have already suffered tremendously as a result of the criminal charges that have followed his

criminal conduct and asks this be considered when this Court imposes the sentence deemed to be appropriate under the circumstances.

**C. (2) The need for the sentence imposed to afford adequate deterrence to criminal conduct.**

Mr. Hill recognizes that the sentence imposed should deter other criminal conduct. Distribution of a controlled substance is a serious offense. A sentence of imprisonment far below what is recommended by the Guidelines achieves the goal of deterrence. Any period of imprisonment based on these circumstances will convey the message to the public that distribution of a controlled substance is not tolerated and is a serious offense as such period will in all likelihood be substantial.

**C. ( 3) The need for the sentence imposed to protect the public from further crimes of the defendant.**

Mr. Hill hopes to minimize his potential risk of recidivism by actively participating in programs in the Bureau of Prisons. He fully understands and acknowledges that what he has done is wrong. He placed his own judgment above the law in this case, and recognizes his failure in this regard. .

**C. (4) The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

Mr. Hill presently has a need for educational or vocational training, and has expressed a desire to utilize such training at the Bureau of Prisons.

**D.   The kinds of sentences available.**

Mr. Hill has pled guilty to a Class C felony. The guideline range for a term of supervised release is three years. U.S.S.G. §5D1.2(a)(2) and (C). Mr. Hill is not eligible for probation. The maximum term of imprisonment is twenty years and a maximum fine of $1,000,000.00. 21 U.S.C. §841(b)(1)(c).

**E. The kinds of sentence and the sentencing range established by the United States Sentencing Guidelines.**

Mr. Hill pursuant to the Presentence Investigation Report has an offense level of 29 and the criminal history category is VI Pursuant to the guidelines, results in an advisory sentencing guideline range of 155 to 188 months which is the same as anticipated in the plea agreement

**F. Sentence Recommendation**

As discussed above, Booker and 18 U.S.C. §3553(a)'s would indicate that no matter what is recommended under the sentencing guidelines: the sentence must be "sufficient, but not greater than necessary" to achieve the purposes of punishment. Here, it is respectfully submitted that a sentence less than the guidelines is sufficient to achieve the goals of punishment. Justice is certainly served by this proposed sentence. Defendant recognizes that the seriousness of his offense and the resulting harm warrants imprisonment; he is not attempting to avoid this reality. The proposed sentence likewise achieves the goals of deterrence, incapacitation, and rehabilitation. Finally, Defendant's need for rehabilitation, treatment and training can be met by the proposed sentence.

That the average annual cost of incarceration for federal inmates during the fiscal year 2015 was $31,977.65. See Federal Register Volume 81 FR 46957 (July 19, 2016). Pursuant to

the same the cost of incarcerating Mr. Hill for even the minimum of the guidelines would be over $100,000.00. This factor should also be taken into consideration prior to entering sentence in this matter within the guideline range.

The defendant has plead guilty and thereby demonstrated respect for the law. The proposed sentence will further enable the defendant to develop greater respect for the law. In determining the minimally-sufficient sentence, the Court must essentially ask whether a more severe sentence would achieve greater justice, deterrence, incapacitation, or rehabilitation. Respectfully, it would not in this case. The Court has great discretion in sentencing in the post Booker world. Mr. Hill respectfully requests this Honorable Court sentence him to a period in the Bureau of Prisons for a term less than the sentencing guidelines in this matter.

### G. Place of Confinement

Mr. Hill understands that his place of confinement is determined by the Bureau of Prisons. In order to best maintain his family ties, he requests this Court to recommend that he be allowed to serve his sentence at the Oxford, Wisconsin facility. In the event that facility is unavailable, he requests his confinement be at whatever appropriate facility is the closest to Rockford, Illinois.

### H. Conclusion

For the reasons discussed above, Defendant respectfully requests that the Court impose a sentence for a term less than the sentencing guidelines in this matter.

Respectfully submitted,

/s/ GLENN J. JAZWIEC

**PROOF OF SERVICE**

The undersigned states that on January 20, 2020, he placed in a United States Mail receptacle, in Rockford, Illinois envelopes bearing prepaid first class postage thereon and addressed as stated below and each envelope contained a true, correct and complete photocopy of the above Justin Hill's Sentencing Memorandum and Request for Downward Variance to and was addressed to each of the following persons at the listed locations:

> Talia Bucci
>
> Assistant United States Attorney
>
> 327 S. Church Street, Room 3300
>
> Rockford, IL   61101

> /s/ GLENN J. JAZWIEC
>
> Attorney for Defendant

GLENN J. JAZWIEC
Attorney at Law
1070 Larkin Ave., Ste. 2E
Elgin, IL 60123
(847) 622-1533